IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
AUG 10 2023
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

WELLS FARGO COMMERCIAL
DISTRIBUTION FINANCE, LLC,

    Plaintiff,

v.

SHORE SAW & MOWER, INC.,
JEFFERY S. KELLEY, an individual, and
PAULETTE I. KELLEY, an individual,

    Defendants.

Case No. 2:23-cv-100

*MEMORANDUM OPINION AND ORDER*

Before the Court is Wells Fargo Commercial Distribution Finance, LLC's ("Plaintiff") Motion for Default Judgment ("Motion" or "Motion for Default Judgment"). Mot. Default J., ECF No. 18. The Court **FINDS** that Plaintiff has provided sufficient evidence to support a finding of default judgment against Shore Saw & Mower, Inc. and Jeffery S. Kelley (collectively "Defendants").[1] Accordingly, Plaintiff's Motion is **GRANTED**.

    I.    FACTS AND PROCEDURAL HISTORY

On March 16, 2023, Plaintiff filed a Complaint against Defendants alleging various breach of contract claims. Compl., ECF No. 1. Plaintiff agreed to finance Defendants' purchase of the following: fifteen (15) Carswell Dist. Bobcat; four (4) Carswell Dist. Husqvarna Pro; six (6) Excel Ind.; and one (1) Generac Power (collectively the "Collateral"). *Id.* at ¶ 10. On April 17, 2012, Defendants and Plaintiff entered into an Amended and Restated Inventory Financing Agreement (the "IFA"). *Id.* at Exhibit A. Pursuant to the IFA, Plaintiff agreed to finance Defendants' purchase of the Collateral. *Id.* at ¶ 12. When entering the IFA, Defendants granted Plaintiff a security interest

---

[1] Plaintiff did not move for default judgment against Paulette I. Kelley in the instant motion.

in the Collateral. *Id.* at ¶ 13. Plaintiff perfected its security interest in and to the Collateral by recording its lien with the Commonwealth of Virginia, Office of the Secretary of State, State Corporation Commission. *Id.*

Pursuant to the IFA, a default occurs when Defendants fail to pay when due any amount owed to Plaintiff under the IFA. *Id.* at Exhibit A. Defendants failed to make a payment on November 30, 2022. *Id.* at Exhibits G, I. Plaintiff terminated the IFA due to default payment effective December 31, 2022. *Id.* at Exhibit I. As a result, Plaintiff alleges damages in an aggregate amount equal to not less than $120,242.91 as of February 28, 2023. *Id.* at ¶ 37.

On March 17, 2023, Plaintiff filed a Temporary Retraining Order ("TRO"), Motion for Seizure in Detinue, and supporting memorandum seeking the following: (1) Plaintiff be granted possession, operational control, and custody of the Collateral; (2) Plaintiff be permitted to procure the physical transfer of the Collateral from its present location(s); (3) Defendants immediately surrender the Collateral; (4) Defendants be enjoined from obstructing, impeding, interfering or hindering the efforts of Plaintiff to take possession of the Collateral; and (5) Defendants be enjoined and restrained from moving the Collateral. ECF Nos. 8-9. Defendants failed to reply.

On March 24, 2023, Shore Saw & Motor's registered agent was personally served with the Verified Complaint and Summons. Default Aff. at ¶ 8 (citing ECF 14). On March 24, 2023, Mr. Kelley was personally served with the Verified Complaint and Summons. Default Aff. at ¶ 10 (citing ECF 13). Shore Saw & Mower and Mr. Kelley have not answered. ECF No. 18 at ¶ 9. Further, Plaintiff's counsel has not been contacted by any of the Defendants regarding this case. *Id.* On April 21, 2023, the Clerk entered default against Shore Saw & Mower and Mr. Kelley for failure to plead or otherwise defend against Plaintiff's claims. ECF No. 16. On May 2, 2023, Plaintiff filed a Motion for Default Judgment. Mot. Default J.

At the hearing on May 11, 2023, the Court addressed both the TRO, Motion for Detinue, and Motion for Default Judgment. ECF No. 20. Defendants did not appear. The Court ordered that Plaintiff provide additional evidence to support their request for attorney fees. *Id.* Plaintiff provided additional evidence in support of attorney fees on May 26, 2023. Mem. Supp. Default J., ECF No. 23.

## II. LEGAL STANDARD

### A. Default Judgment

Rule 55 of the Federal Rules of Civil Procedure governs entries of default and default judgments. Pursuant to Rule 55(a), the Clerk must enter default against a party that "has failed to plead or otherwise defend" against an action. After the Clerk has entered default, a plaintiff may seek a default judgment against a defendant pursuant to Rule 55(b). The United States Court of Appeals for the Fourth Circuit has expressed "a strong preference that, as a general matter, defaults be avoided, and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). Default judgment may be appropriate, however, "when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

A court must "exercise sound judicial discretion" when considering whether to enter default judgment, "and the moving party is not entitled to default judgment as a matter of right." *EMI Apr. Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009) (citing *Sentry Select Ins. Co. v. LBL Skysystems (U.S.A.) Inc.*, 486 F. Supp. 2d 496, 502 (E.D. Pa. 2007)). When determining whether to grant a motion for default judgment, courts may consider:

> (1) the amount of money potentially involved; (2) whether material issues of fact or issues of substantial public importance are at issue; (3) whether the default is largely technical; (4) whether plaintiff has been substantially prejudiced by the delay involved; (5) whether the

>grounds for default are clearly established or are in doubt; (6) how harsh an effect a default judgment might have; and (7) whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant.

*Id.* at 506 (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2685 (3d ed. 1998)) (internal quotations omitted).

Although a defaulting party admits the factual allegations in the filings of the opposing party, a court must evaluate the sufficiency of the allegations to determine if the party moving for default judgment states a cause of action. *See GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n. 3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."); *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The court must . . . determine whether the well-pleaded allegations in [the] complaint support the relief sought in th[e] action."); *Anderson v. Found, for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to a party where the party failed to state a valid claim).

**B.   Damages**

If a court determines that the well-plead allegations in the complaint support relief in the form of damages, the court must establish the damages to which the plaintiff is entitled. *See J & J Sports Prods., Inc. v. Brutt's LLC*, No. 2:14CV269, 2014 WL 7363823, at *7 (E.D. Va. Dec. 23, 2014). Allegations relating to the amount of damages are not deemed admitted by default. FED. R. CIV. P. 8(b)(6). Unless the amount of damages is certain, the Court is required to make an independent determination of the sum to be awarded. In all circumstances, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c); *see also In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000).

4

Thus, even if the court determines that a plaintiff has established liability, the court does not accept as true factual allegations regarding damages, but rather must make an independent determination regarding damages. *J & J Sports Productions, Inc., v. Panana, LLC*, 2014 WL 5454323, at *1 (D. Md. Oct. 24, 2014). In determining the appropriate sum, the court may rely on affidavits or documentary evidence in the record. *Id.*

### C. Reasonable Attorneys' Fees and Expenses

The touchstone of any award of attorneys' fees and expenses is reasonableness. *SunTrust Mortg., Inc. v. AIG United Guar. Corp.*, 933 F. Supp. 2d 762, 769 (E.D. Va. 2013) (quoting *E.I. DuPont de Nemours and Co. v. Kolon Indus., Inc.*, Civil Action No. 3:09cv058, 2013 WL 458532, at *2 (E.D. Va. Feb. 6, 2013)). The fee applicant bears the burden of demonstrating the reasonableness of its fee request, *Kenney v. A Touch of Patience Shared Hous., Inc.*, 779 F. Supp. 2d 516, 525 (E.D. Va. 2011), and of "providing sufficient detail in [its] records to explain and support [its] requests for fees and costs." *Andrade v. Aerotek, Inc.*, 852 F. Supp. 2d 637, 645 (D. Md. 2012). Indeed, "the party who seeks payment must keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." *Hensley v. Eckerhart*, 461 U.S. 424, 441 (1983) (Burger, C.J., concurring).

To calculate an award of attorney fees, the Court must determine a "lodestar fee." *Brodziak v. Runyon*, 43 F.3d 194, 196 (4th Cir. 1998); *Grissom v. The Miller Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008). The Supreme Court of the United States ("Supreme Court") stated there is a "strong presumption" that the lodestar figure represents a reasonable attorneys' fee, which may be overcome only "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny*

*A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010).

The lodestar fee is calculated by multiplying the number of reasonable hours expended times a reasonable rate. *Id.* In determining the reasonable hours expended and a reasonable hourly rate, the Fourth Circuit held that the *Johnson* factors must be applied. *See Daly v. Hill*, 790 F.2d 1071, 1077 (4th Cir. 1986). These factors include:

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions;
> (3) the skill requisite to properly perform the legal service;
> (4) the preclusion of other employment by the attorney due to acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the "undesirability" of the case;
> (11) the nature and length of the professional relationship with the client; and
> (12) awards in similar cases.

*Id.* at 1075 n.2 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

In addition, district courts "should exclude from [the] initial fee calculation hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 434 (quoting S. Rep. No. 94-1011, at 6 (1976)). Further, "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). The Fourth Circuit further held that, "[a] fee based upon reasonable rates and hours is presumed to be fully compensatory without producing a windfall." *Daly*, 790 F.2d at 1078. The Fourth Circuit notes that the "district court is under no obligation to go through the inquiry of those [*Johnson*] factors that do not fit." *In re A.H. Robins Co., Inc.*, 86 F.3d 364, 376 (4th Cir. 1996). Therefore, the Court will only address applicable *Johnson* factors.

## III. DISCUSSION

### A. Default Judgment

The Court finds that the well-pled allegations in the Complaint support relief for breach of contract, and Defendants are liable to Plaintiff for damages, attorney's fees, and post-judgment interest. To succeed on a breach of contract claim at trial under Virginia[2] law, a plaintiff must establish the following elements: (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation. *See Sunrise Continuing Care, LLC v. Wright*, 277 Va. 148, 154 (2009); *see also Filak v. George*, 267 Va. 612, 619 (2004). The well-pled facts in the Complaint establish that the parties entered into an enforceable contract, Defendants failed to fulfill their obligations under those contracts, and caused damage to Plaintiff as a result of their breach.

Furthermore, all the default judgment factors favor relief. *See EMI Apr.*, 618 F. Supp. 2d at 506. First, the amount of money involved is certainly not nominal, but it is unlikely to "shock the conscience if it were entered by default judgment," especially given that the amount requested is largely predicted by the plain text of the agreements Plaintiff entered into with Defendants. *Id.* Second, this matter is a private contractual dispute and does not appear to involve material issues of fact or issues of substantial public importance. Third, default here is a result of Defendants' complete abandonment of its obligations under its agreements with Plaintiff and is not the result of a mere technicality, such as missing a deadline by a few days. *Id.* at 505. Fourth, Plaintiff has been significantly prejudiced by the delay involved, having had to navigate Defendants' breach since late 2022 without any relief. Fifth, the grounds for default here are clearly established by the factual and procedural history. Sixth, while the damages that would result from a default judgment

---

[2] State law governs contractual matters. *James v. Circuit City Stores, Inc.*, 370 F.3d 417, 421-22 (4th Cir. 2004).

in this case are significant, the effect of the judgment is not harsh considering the damages amount is largely predicted by the plain text of the agreements Plaintiff entered into with Defendants. And finally, there is no indication that Defendants' good-faith mistake or excusable neglect caused Defendants' default.

**B.     Damages**

Defendants are liable to Plaintiff for $121,520.99 in damages on Counts One and Two. As of May 11, 2023, the latest date on which Plaintiff is requesting damages, Plaintiff is owed $121,520.99 in damages on Counts One and Two, which constitutes the principal amount remaining pursuant to the Agreement plus interest. *See* Compl. Ex. J.; ECF No. 18-1.

Plaintiff moves for an entry of pre-judgment interest in addition to the requested damages. *See* Mot. Default J. The district court has discretion on whether to award pre-judgment interest. *Maksymchuk v. Frank*, 987 F.2d 1072, 1077 (4th Cir. 1993). "District courts must weigh the equities in a particular case to determine whether an award of prejudgment interest is appropriate." *Moore Bros. Co. v. Brown & Root, Inc.*, 207 F.3d 717, 727 (4th Cir. 2000) (citing *McDevitt & Street Co. v. Marriott Corp.*, 754 F.Supp. 513, 515 (E.D. Va. 1991)). "Prejudgment interest is commonly denied when the back pay award is not readily determinable or when the plaintiff fails to raise the issue in a timely or an appropriate manner." *Maksymchuk*, 987 F.2d at 1077. The Court finds that an award of pre-judgment interest is appropriate in this case because Plaintiff clearly specified the requested damages and the calculation thereof when they first moved for default judgment.

The Court's calculation is as follows: $120,242.91 (the principal amount left on the contract) + $1,278.08 ($11.11 in interest as of May 11, 2012) = $121,520.99. Therefore, based on

the calculations above, Defendants are liable to Plaintiff for a total of $121,520.99 in damages, plus attorney's fees and post-judgment interest (discussed below).

## C. Attorney's Fees and Costs

"In Virginia, counsel must 'establish, as an element of the attorney's prima facie case, that the fees charged . . . are reasonable.'" *Peter Farrell Supercars, Inc. v. Monsen*, 82 F. App'x 293, 300 (4th Cir. 2003) (quoting *Seyfarth, Shaw, Fairweather & Geraldson v. Lake Fairfax Seven Ltd.*, 253 Va. 93, 480 S.E. 2d 471, 473 (Va. 1997)). "'[T]he fact finder should consider such circumstances as the time consumed, the effort expended, the nature of the services rendered, and other attending circumstances." *Mullins v. Richlands Nat'l Bank*, 241 Va. 447, 403 S.E. 2d 334, 335, 7 Va. Law Rep. 2282 (Va. 1991). While expert testimony regarding the reasonableness of the fees is not required in every case, *see Tazewell Oil Co. v. United Va. Bank*, 243 Va. 94, 413 S.E. 2d 611 (Va. 1992) (holding affidavit and billing records sufficient), the Court can request expert testimony to better inform its review of Plaintiff's requested damages.

In this case, Plaintiff initially failed to submit supporting documentation, including an affidavit of reasonableness from independent counsel. ECF No. 18. Upon request, Plaintiff submitted supporting documentation, including an affidavit of reasonableness from independent counsel. ECF No. 23. The Court has reviewed the billing records and finds that the requested fees of $49,074.50 are not reasonable.

The reasonable rate is "to be calculated according to the prevailing market rates in the relevant community." *Blum v. Stevenson*, 465 U.S. 886, 895 (1984). Any required special skill or experience is "reflected in the reasonableness of the hourly rates." *Id.* at 898. Aside from "the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the 'prevailing market rates in the relevant community' for the type of work for which he seeks an

9

award." *Grissom v. The Mills Corp.*, 549 F.3d 313, 323 (4th Cir. 2008) (quoting *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)).

Here, Plaintiff's counsel charged the following rate:

| Timekeeper | Position | Hours Worked | Rate | Total Fees |
|---|---|---|---|---|
| Alison Ellis | Counsel | 41.1 | $745 | $30,619.50 |
| Carew Bartley | Associate | 10.1 | $590 | $5,959.00 |
| Kirsten Lowell | Associate | 17.1 | $595 | $10,174.50 |
| Allison Mayer | Paralegal | 4.9 | $390 | $1,911.00 |
| Franshaun Howell | Staff | 1.7 | $215 | $365.50 |
| Sabrina Busgith | Staff | 0.2 | $225 | $45.00 |
| | | | | $49,074.50 |

*See* ECF No. 18; ECF No. 23-1. Plaintiff also provided an affidavit of reasonableness from independent counsel stating that the rates are reasonable in the market. *See* ECF No. 23-1. Further, other courts in this district have found similar rates reasonable. *Id.*

The Court must next determine the hours that were "reasonably expended." *See Hensley*, 461 U.S. at 434 (holding that initial fee calculation hours that are not reasonably expended should be excluded). Plaintiff provided the final hours billed by the attorneys and a breakdown explaining the hours billed. Mot. Default J., at Exhibit 2. Plaintiff's attorneys and staff spent 75.1 hours on this matter in total. *Id.*

The Court finds that the hours Plaintiff's counsel expended during this matter require a downward adjustment because the issues presented in the case are not novel or particularly difficult and the hours provided to the Court show duplicative efforts. "In evaluating the complexity and duration of the litigation, courts consider not only the time between filing the complaint and

reaching settlement, but also the amount of motions practice prior to settlement, and the amount and nature of discovery." *Singleton v. Domino's Pizza, LLC*, 976 F.Supp.2d 665, 686 (quoting *Jones*, 601 F. Supp. 2d at 761). While the average award in comparable cases provides an appropriate guideline "a one size fee award does not fit all" cases. *See Williams v. Colvin*, 2:18-CV-703, 2015 WL 402997 (E.D. Va. Jan. 7, 2015).

The complexity and duration of the litigation provide limited support for Plaintiff's Counsel's requested fee. Here, the matter is not complex. The matter before the Court constitutes a simple breach of contract for failure to make timely payments. Plaintiffs filed a Complaint, a Motion for a Temporary Restraining Order, a Motion for an Order of Seizure in Detinue, and the instant Motion for Default Judgment. *See* ECF Nos. 1; 8-10; and 18. The motions ask for substantively the same relief, do not engage with complex areas of law, and use the same facts. Further, Plaintiff's Motion for TRO and Motion for Detinue were filed simultaneously, use the same supporting memorandum, and request the same relief. *See* ECF Nos. 8-10.

Moreover, upon review of the billing records provided by Counsel, the Court finds a downward departure warranted. Counsel provided multiple entries for "drafting and revising" the Motion for TRO, Motion for Seizure, and Motion for Default Judgment. The Defendants failed to respond to these motions, the motions are substantively similar, and the motions do not address particularly complicated aspects of the law. Therefore, a downward departure is warranted in this case by 30%.

The Court calculates the attorney's fees as follows: Allison Ellis: 28.77 (hours worked) x $745 (hourly rate) = $21,433.65; Carew Bartley: 7.07 (hours worked) x $590(hourly rate) = $4,171.3; Kristen Lowell: 11.97 (hours worked) x $595= $7,122.15; Allison Mayer: 3.43 (hours

worked) x $390 (hourly rate) = $1337.7; Franshaun Howell: 1.19 (hours worked) x $215(hourly rate) = $255.85; Sabrina Busgith: .14 (hours worked) x $225(hourly rate)= $31.5

Total: $34,352.15

Further, Plaintiff requests costs for the $402.00 filing fee and $763.26 for Process Server Costs, Courier Costs, and Service Expenses, totaling $1,165.26. ECF No. 18-2. There is no documentation, however, to support counsel's request for costs. And the Court is unwilling to award unsupported costs in this case given that it is a matter of default judgment, in which Plaintiff only had to make one brief court appearance and none of the costliest aspects of litigation, such as discovery. Accordingly, Defendants are liable to Plaintiff for $34,352.15 in attorney's fees.

### D.   Post-Judgment Interest

Plaintiff also moves for an entry of post-judgment interest in addition to the requested damages. *See* Mot. Default J. Under the post-judgment statute, post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961 (2000). Section 1961 provides further that "[s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." *Id.* The Supreme Court held that "[t]he purpose of post-judgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835–36 (1990) (internal quotations and citation omitted). The Fourth Circuit has held that "awarding post-judgment interest on the entire [damages] amount . . . including pre-judgment interest, most closely comports with the purpose of post-judgment interest articulated by the Supreme Court." *Quesinberry v. Life Ins. Co.*

*of N. Am.*, 987 F.2d 1017, 1031 (4th Cir. 1993) (citing *Bonjorno*, 494 U.S. at 835). Further, post-judgment interest on a money judgment begins to accrue "from the date the judgment is entered until payment is made in full at the federal rate of interest as calculated using the formula set forth in 28 U.S.C. § 1961." *Brinn v. Tidewater Transp. Dist. Comm'n*, 113 F.Supp.2d 935, 939 (E.D. Va. 2000) (citing *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1999)).

The Court finds that Plaintiff is entitled to post-judgment interest, calculated in the manner set forth in 28 U.S.C. § 1961(a), "to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." *Bonjorno*, 494 U.S. at 835–36 (internal quotations and citation omitted).

## IV.     CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Default Judgement is **GRANTED**. The Court **ENTERS** default judgment against Defendants, Shore Saw & Mower, Inc. and Jeffery S. Kelley, jointly and severally, for Counts One and Two of the Complaint. Plaintiff is **AWARDED** $121,520.99 in damages to be recovered from Defendants. Moreover, Plaintiff's request for post-judgment interest is **GRANTED**. And finally, Plaintiff's request for reasonable attorney's fees is **GRANTED** in the amount of $34,352.15.

Defendants are **ORDERED** to pay Plaintiff a final judgment of **$155,873.14** within **SIXTY (60) DAYS** of the date of this Order. Post-judgment interest shall be paid at the prevailing interest rate calculated from the date of the entry of this Order. Plaintiff's Motion for Temporary Retraining Order, ECF No. 8, and Motion for an Order of Seizure in Detinue, ECF No. 9 are **MOOT**. The Court shall retain jurisdiction for enforcement of its Order. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and all parties of record.

**IT IS SO ORDERED.**
Norfolk, Virginia
August /6 , 2023

Raymond A. Jackson
United States District Judge